**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| KIMBERLY DOE, SARAH DOE, RAQUEL DOE, ANNA ROE, EMILY ROE, BETH ROE, CONSTANCE ROE, AND GEORGINA ROE,<br><br>PLAINTIFFS,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA (CCA); EVELYN HERNANDEZ, FORMER CCA FACILITY ADMINISTRATOR; AND DONALD DUNN;<br><br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 1:12-CV-605-LY |

## <u>CCA DEFENDANTS' MOTION TO PRECLUDE AND OBJECTION TO PLAINTIFFS' PSEUDONYM USE</u>

Plaintiffs are improperly proceeding in this litigation under pseudonyms. In accordance with the Federal Rules of Civil Procedure and the case law governing pseudonym use, the CCA Defendants (former Facility Administrator Evelyn Hernandez and CCA) request an Order requiring Plaintiffs to proceed under their true names because: (1) Plaintiffs chose to initiate this litigation and should not be permitted to hide behind the cloak of anonymity, especially where Plaintiffs' counsel has placed this case before the media; (2) Defendants will be prejudiced at trial; and (3) Plaintiffs' use of fictitious names is contrary to the public's right of access to judicial proceedings. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL BACKGROUND

Plaintiffs filed their initial Complaint on October 19, 2011. When the Complaint was filed, their lawyers issued a press release.[1] *See* http://www.aclutx.org/2011/10/19/aclu-of-texas-sues-ice-officials-williamson-county-and-cca-for-sexual-assault-of-immigrant-women/ (last visited Dec. 2, 2014). Plaintiffs' counsel offered statements in the press release, which also included a link to Plaintiffs' Complaint so that anyone who wished to view it would be able to easily do so without having to access the Court's docket. Shortly thereafter, narratives of three of the Plaintiffs were posted on the ACLU's website under the title, "Faces of Hutto Sexual Abuse; Hutto sexual abuse victims tell their stories in their own words." *See* http://www.aclutx.org/2011/10/19/faces-of-hutto-sexual-abuse/ (last visited Dec. 2, 2014). Although utilizing the same pseudonyms appearing in the Complaint, these "stories" provided personal information about three of the Plaintiffs' backgrounds and additional details—absent from the Complaint—about the specifics of their claims.

Plaintiffs filed an Amended Complaint on December 5, 2011, and a Second Amended Complaint on May 5, 2012.[2]  *Doe v. Neveleff*, Cause No. 1:11-cv-907 (W.D. Tex.), Dkts. 25 &

---

[1] Prior to filing the Complaint, Plaintiffs' counsel wrote a "Victim Search" letter, giving information and editorial commentary about the facility ("yes, THAT Hutto—the one the ACLU already sued once for the treatment of detained children"), the alleged incident, and identifying areas where some of the alleged victims may have been bonded out to and requesting that counsel's contact information be provided to them. This "Victim Search" letter was posted on a legal advice website. *See* http://www.avvo.com/legal-guides/ugc/victims-of-sexual-assault-at-t-don-hutto-residential-facility-in-taylor-texas--victim-search (last visited Dec. 2, 2014).

[2] The CCA Defendants did not object to Plaintiffs' request to amend and file under seal, but in doing so expressly preserved their defenses and objections.

122. When Plaintiffs filed their Amended and Second Amended Complaints, they requested that each be filed under seal.[3]

Each of the eight individual Plaintiffs make factually distinct claims about the conduct they allege Defendant Dunn engaged in, and for which they assert the CCA Defendants are responsible based upon various legal theories. They claim that after they were bonded out of ICE custody from Hutto, they were touched, fondled, and/or groped by transport officer Defendant Dunn on their "arm area," "bodies," waist, breasts, buttocks, and or "crotch area." *See* Plaintiffs' Third Amended Complaint (Dkt. 48). ¶¶ 9-16, 68-122. None of the Plaintiffs allege rape or penetration of any kind. The majority of the allegations relate to over the clothing contact.

## II.   LAW AND ARGUMENT

### A.    Pseudonym use is allowed in only extreme circumstances.

Federal Rule of Civil Procedure 10(a) requires that a complaint "include the names of all of the parties." Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17 ("Every action shall be prosecuted in the name of the real party in interest.") Courts have recognized that this rule has constitutional overtones as "'[p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings', a right that is supported by the First Amendment." *See Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006), (citations omitted). In determining whether pseudonym use is permitted, the presumption is that it is not. *See e.g., Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

Although courts have permitted pseudonym usage, they have only done so in "the exceptional case." *See Frank*, 951 F.2d at 323. Indeed, Courts frequently reject requests for

---

[3] On July 2, 2013, the original case (No. 1:11-CV-907-LY) was consolidated into the instant case (A-12-CV-605-LY). Dkt. 32. Plaintiffs filed a Third Amended Complaint under the consolidated cause number on November 14, 2014, utilizing pseudonyms, but without any accompanying request to seal. Dkt. 48.

anonymity in cases of sexual assault, where the allegations are more egregious than those made here.[4] The fact that "a party may suffer some personal embarrassment or humiliation, standing alone, is insufficient to justify the use of a pseudonym." *See Rose v. v. Beaumont Indep. School Dist.*, 240 F.R.D. 264 (E.D. Tex. 2007).  Moreover, "[b]asic fairness often dictates that a defendant's accuser who wishes to participate in a suit as a party plaintiff must do so under her real name" *Id.* at 267. This is particularly true because "'the mere filing of a civil lawsuit can have significant effects on a defendant'. . .[and] can cast a shadow over the defendants' reputation until the case is resolved . . ." *Id.* (citations omitted).

**B.**   **The Fifth Circuit's pseudonym pleading factors do not weigh in favor of pseudonym use in this case.**

The non-exhaustive factors that the Fifth Circuit considers when determining whether to permit a party to proceed anonymously are: (1) whether there is a challenge to governmental activity; (2) whether the prosecution of the suit compels the plaintiff to disclose information of the "utmost intimacy"; and (3) whether the plaintiff is compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution. *See Doe v. Stegall*, 653 F.3d 180, 185-

---

[4] Courts rejected pseudonym use in the following cases where allegations of sexual assault were present: *Doe v. Felhman*, No. 1:09-cv-01206-GSA PC, 2009 WL 2208110 (E.D. Cal. July 23, 2009) (unreported) (declining to afford anonymity in the context of a claim by a prisoner for sexual assault); *Doe v. Del Rio*, 241 F.R.D. 154; *Doe v. Shakur*, 164 F.R.D. 359; *Doe v. Bell Atlantic Bus. Sys. Servs.*, Inc., 162 F.R.D. 418 (D. Mass. 1995) (in sexual harassment case against employer and supervisor, plaintiff who was concerned that she might have been infected with the HIV virus as result of an alleged sexual assault by her supervisor was not permitted to proceed under a pseudonym, notwithstanding fears of "intense embarrassment and shame within her community"); *Doe v. Univ. of Rhode Island*, Civ. A. No. 93-0560B, 1993 WL 667341 (D.R.I. Dec. 28, 1993) (student who was sexually assaulted allegedly as result of university's negligence was not permitted to proceed under a pseudonym, despite claims of danger of personal embarrassment and ridicule); *Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss.1987); *Doe v. Hartz*, 52 F. Supp. 2d 1027 (N.D. Iowa 1999); *Doe v. North Carolina Cent. Univ.*, No. 1:98CV01095, 1999 WL 1939248 (M.D.N.C. Apr. 15, 1999).

186 (5th Cir. 1981). Courts also weigh the potential prejudicial effect on the defending parties. *See Rose*, 240 F.R.D. at 267-268.

Illustrative of application of these factors is *Rose*, where a recent high school graduate sued the school district and various school employees claiming that she was forced—while a minor—to engage in oral sex with male athletes who were members of a sex club. In determining that the plaintiff could not use a pseudonym, the court found that the following facts weighed against the plaintiff's request to proceed under pseudonym: (1) that, although plaintiff was a minor at the time of the allegations, she was an adult at the time the litigation was filed; (2) plaintiff initiated the suit on her own accord and for the purpose of seeking monetary relief; (3) the case was placed in the public spotlight by plaintiff's voluntary participation in a news interview, albeit anonymously; (4) serious allegations were being made by plaintiff about the capacity of the public school system's ability to safely and properly educate children; (5) the defendants included a mixture of government employees and private individuals; (6) the public has an interest in the operation of the judicial system, which "is frustrated when any part of the litigation is conducted in secret;" and (7) the possibility that a party may suffer embarrassment or humiliation is insufficient to allow anonymity and instead a plaintiff must present a "compelling" case of the same.

> **1.      Should the Court allow the Plaintiffs to proceed utilizing fictitious names, Defendants will be prejudiced at trial and denied due process.**

Plaintiffs claim a need to proceed under a pseudonym on the basis of the unsupported assertions that they will suffer embarrassment, adverse immigration action such as deportation, and retaliation.  If the Court permits Plaintiffs to proceed under pseudonym at trial, however, Defendants' ability to receive a fair trial will be compromised, as the jurors may construe the Court's permission for Plaintiffs to conceal their true identities "to be a subliminal comment on

the harm the alleged encounter with [Defendant Dunn] has caused the plaintiff[s]." *Doe v. Cabrera*, Civil Action No. 14-1005 (RBW), 2014 WL 4656610, *7 (D.D.C. Sept. 10, 2014) (denying plaintiff in high profile rape case permission to continue using pseudonym at trial) (citing *EEOC v. Spoa, LLC*, Civil No. CCB-13-1615, 2013 WL 5634337, *3 (D. Md. Oct. 15, 2013) (recognizing that "grant of anonymity would implicitly influence the jury.")) The CCA Defendants vigorously contest any wrongdoing and will vigorously contest Plaintiffs' damages claims. To allow Plaintiffs to proceed under a pseudonym, however, would run contrary to existing case law in cases of much more extreme misconduct than that at issue here, and will prejudice Defendants at trial, depriving them of due process.   The Court should prohibit Plaintiffs from proceeding anonymously in this case.

### 2.    Government involvement does not weigh in favor of anonymity as there all remaining parties are private.

Plaintiffs rely heavily on the government's involvement in their request to remain anonymous. The government, however, is no longer party to this litigation,[5] Dkt. 48, and all remaining Defendants are private, including the former administrator of Hutto – a factor that weighs against allowing Plaintiffs to proceed anonymously.  *Rose*, 240 F.R.D. at 267.  Plaintiffs cast serious allegations against Ms. Hernandez, alleging that she "wrongfully failed to protect Plaintiffs from the obvious risk of sexual assault." *See* Plaintiffs' Third Amended Complaint, Dkt. 48 at p. 43. Additionally, Plaintiffs make unfounded allegations against every male transport officer who has worked at the Hutto facility. *See* Plaintiffs' Third Amended Complaint, Dkt 48 at ¶ 3 (stating that because Defendant Dunn allegedly engaged in sexual misconduct,

---

[5] Regardless, "the fact that the government is being sued does not necessarily weigh in favor of sanctioning the use of a pseudonym." *See Rose*, 240 F.R.D. at 267-268 (citations omitted).

there is a "reasonable inference that other male escort officers at Hutto engaged in similar abuse."), Section VI: "Sexual Assaults Were Committed by Defendant Dunn or Other Male Transport Officers on Other Female Detainees," p. 39, and Section C.: "Numerous Additional Potential Victims of Other Escort Drivers," p. 41. They allege that simply because male officers transported female detainees, it naturally follows that these non-Defendant officers also committed sexual assault—not against the Plaintiffs—but against unidentified detainees who have never come forward to claim any harm. *Id.*

Anonymously, Plaintiffs attack not only the character of Ms. Hernandez, but the character of every male transport officer at the T. Don Hutto Residential Center.[6] Plaintiffs should be required to stand publicly behind these allegations—particularly where there is no risk of embarrassment to the named Plaintiffs as none of them claim themselves to have been assaulted by any other Hutto employees. Because only private parties are being sued, the application of this factor weighs against pseudonym use. *Rose*, 240 F.R.D. at 267.

### 3.   Fears of future adverse immigration action or retaliation are unfounded.

Plaintiffs' claims of fear of adverse immigration action, retaliation, and deportation do not weigh in favor of pseudonym use, as none of the Defendants have the power to make or influence immigration actions. *See Bell Atl. Bus. Sys. Servs. Inc*, 162 F.R.D. at 420-21. Moreover, Plaintiffs have produced no evidence of any alleged retaliation, are not in ICE or

---

[6] Following Plaintiffs' logic, all males have questionable morality and are simply waiting for the opportunity to accost females, undoubtedly and unfairly making them wish to keep the details of their employment private lest any members of the community actually believe Plaintiffs' defamatory allegations.

CCA custody, no longer reside in the Austin area, and have obtained U-Visas.[7] *See* Cause No. A-12-CV-605-LY, Dkt. 149 ("Plaintiffs have now received executed U-Visa certifications."). Further, Plaintiffs admit in their Amended Complaint that two of their immigration attorneys disclosed information about their claims to others for the purposes of securing U-Visas. *See* Plaintiffs' Amended Complaint, Cause No. A-12-CV-605-LY, Dkt. 25 at ¶¶ 137, 139, 142, 150, 154, 155.  Thus, the majority, if not all, of the individuals who have any decision-making power with respect to any immigration proceeding already have knowledge of Plaintiffs' allegations and are not parties to this lawsuit. Disclosure of Plaintiffs' identities will not provide immigration decision makers any new information not otherwise known such that it could negatively affect Plaintiffs' immigration proceedings or status. *See also Shakur*, 164 F.R.D. at 362 (vague allegations of death threats insufficient to allow pseudonym use, since those who might have any animosity toward her already know her true identity).   Plaintiffs' allegations about their immigration status and future retaliation are conclusory, unsupported, speculative, and do not support anonymity. Absent any evidence of threats, community hostility, or actual retaliation, this factor weighs against Plaintiffs' anonymity.

### 4. Disclosure of information of the "utmost intimacy" does not weigh in favor of Plaintiffs.

Although Plaintiffs make serious allegations of sexual misconduct involving groping and/or touching, none of them make allegations of rape or sexual assault in the criminal sense.

---

[7] U-Visa status can be given to noncitizens that are assisting or willing to assist the authorities in investigating alleged crimes. A non-citizen applying for a U-Visa must have a certification from law enforcement, or another certifying agency, that they have been helpful, are helpful, or are likely to be helpful in the investigation of certain alleged criminal activity. Thus, Plaintiffs were required to disclose information about their allegations to even obtain the U-Visas. Further, the proposition that any *non-party* federal government entity or employee might retaliate against Plaintiffs is clearly unfounded where Plaintiffs were granted U-Visas.

*See* Tex. Penal Code Ann. § 22.011. The majority of them claim that Defendant Dunn touched them over their clothing. Although Defendants recognize the inherent difficulty in categorizing such allegations, courts addressing the issue of pseudonym use look at the factual nature of the plaintiff's allegations and recognize that "there are degrees of abuse." *See Doe v. Del Rio*, 421 F.R.D. at 160.   For example, in *Doe v. Del Rio*, the plaintiff alleged that a police officer "attacked her sexually by fondling her breasts, arms, neck and back, kissing her, and rubbing his body against her." *Id*. In denying pseudonym use, the Court noted that the actions alleged were "no more intimate than those alleged in the hundreds of sexual harassment cases that are prosecuted openly in the victims' names every day in our courts." *Id*. The facts were not the "exceptional circumstances that in and of themselves justify overriding the constitutional presumption of openness." *Id.* The fact that the plaintiffs also alleged marital strain as a measure of damages added "little to their argument." *Id*.

Here, the Plaintiffs' allegations are of the same type alleged in *Doe v. Del Rio*, and are "not so extreme as to support sufficiently an interest in anonymity." *Id*. at 162.   This is compounded by the fact that Plaintiffs have not disclosed through the course of discovery any documentary evidence or testimony from a medical or psychological provider that the Plaintiffs will suffer psychological trauma specifically as a result of public disclosure of their true identities, and none of the Plaintiffs claim that their future earnings will be affected by the alleged incidents. Under the governing case law, Plaintiffs' allegations are not "exceptional" to support anonymity.

> **5.      Plaintiffs will not disclose any information leading to the risk of criminal prosecution.**

By initiating this lawsuit, none of the Plaintiffs are being compelled to admit any intentions to engage in illegal conduct and have no risk of criminal prosecution. To the contrary,

Plaintiffs have voluntarily initiated this litigation for the purposes of seeking monetary redress. Thus, this factor weighs against anonymity.

> **6.     Plaintiffs' counsel has actively placed this case in the public spotlight.**

Since filing this lawsuit, Plaintiffs' counsel has made a concerted effort to keep this case in the public eye, through multiple statements to the media and postings of blogs on the ACLU of Texas's website. Three of the plaintiffs permitted their stories to be posted on the ACLU's website. There are numerous other postings on the ACLU's website, as well as other occasions where Plaintiffs' counsel has either spoken with, or given interviews to the news media.

Plaintiffs have, anonymously, been mounting a very public campaign against Defendants, while at the same time providing limited discovery related to their claims. *See Doe v. Merck & Co. Inc.*, Civil Action No. 11-cv-02680-RBJ-KLM, 2012 WL 555520 (D. Colo. Feb. 17, 2012) (noting that defendants had a valid objection to the plaintiff being able to publically hurl accusations "from behind a cloak of anonymity" while defendants must defend themselves publicly). This is inherently unfair.   Plaintiffs should not be allowed to mount a one-sided negative public media campaign against Defendants.[8] *See Rose*, supra, at 267-268 ("fundamental fairness demands [plaintiff] not be allowed to cast aspersions against the public school system and its educators while hiding behind a pseudonym. . . the court finds that it is appropriate to require Plaintiff to stand behind these accusations, especially in light of the fact that they are made in pursuit of monetary relief."). As the Court noted in *Rose*, "by participating in an interview as part of the local newspaper's article . . .[plaintiff] helped promote media coverage of

---

[8] In their Amended Complaint, Plaintiffs complain that five of their identities are already known as they were released in a press conference given by Williamson County. They have not, however, sought to keep their allegations out of the media. Their Amended Complaint—posted on the ACLU website—gives anyone seeking to ascertain their identities a roadmap for how to go about doing so.

the events. After agreeing to tell her side of the story from behind the cloak of anonymity, she cannot now complain to the court about the potential for future coverage." Where Plaintiffs purposely placed this case in the public domain, they cannot complain about any future news coverage or that their true identities may be known to the public.

III.    **CONCLUSION**

The CCA Defendants understand that certain records in this case may need to be protected from public disclosure and there is an appropriate Protective Order in place governing such records and documents. Plaintiffs' decision to proceed under pseudonym, however, is severely prejudicial to Defendants and without sufficient justification to outweigh the presumption of public disclosure. As such, Defendants request the Court order Plaintiffs to amend the complaint to identify the true identities of the Plaintiffs.


Dated: December 5, 2014                            Respectfully submitted,


                                                   _____/s/ Tara B. Zoellner_____
                                                   Daniel P. Struck (pro hac vice)
                                                   Christina Retts (pro hac vice)
                                                   Tara B. Zoellner (pro hac vice)
                                                   Struck Wieneke & Love, P.L.C.
                                                   3100 West Ray Road, Suite 300
                                                   Chandler, Arizona 85226
                                                   (480) 420-1600

                                                   Jay W. Brown, Bar No. 03138830
                                                   Andrew Schumacher, Bar No. 24051310
                                                   Andrew Edelman, Bar No. 24069665
                                                   Winstead P.C.
                                                   1100 JP Morgan Chase Tower
                                                   600 Travis Street
                                                   Houston, Texas 77002
                                                   (713) 650-2706

                                                   Attorneys for Defendants
                                                   Corrections Corporation of America and
                                                   Evelyn Hernandez

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| William O. Whitehurst, Jr. | bwhitehurst@AustinTrialLaw.com |
| Mark Whitburn | mwhitburn@whitburnpevsner.com |
| Lisa Graybill | LGraybill@WhitburnPevsner.com |
| Laura Smith | laura.smith2@usdoj.gov |
| Jay W. Brown | jbrown@winstead.com |
| Andrew L. Edelman | aedelman@winstead.com |
| Daniel P. Struck | dstruck@swlfirm.com |
| Christina Retts | cretts@swlfirm.com |
| Tara B. Zoellner | tzoellner@swlfirm.com |
| Allison L. Bowers | Allison@hutchesonbowers.com |

_/s/ Tara B. Zoellner_

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| KIMBERLY DOE, SARAH DOE, RAQUEL DOE, ANNA ROE, EMILY ROE, BETH ROE, CONSTANCE ROE, AND GEORGINA ROE, | § § § § § | |
| PLAINTIFFS, | § § § | CAUSE NO. 1:12-CV-605-LY |
| v. | § § | |
| CORRECTIONS CORPORATION OF AMERICA (CCA); EVELYN HERNANDEZ, FORMER CCA FACILITY ADMINISTRATOR; AND DONALD DUNN; | § § § § § § § | |
| DEFENDANTS. | § § § § | |

## ORDER GRANTING MOTION TO PRECLUDE
## AND OBJECTION TO PLAINTIFFS' PSEUDONYM USE

On this day the Court considered Defendants Corrections Corporation of America and Evelyn Hernandez's Motion to Preclude and Objection to Plaintiffs' Pseudonym Use ("Motion"). After considering the Motion and the arguments and authorities presented, the Court has determined it should, in all things, be GRANTED. It is therefore,

ORDERED Plaintiffs shall proceed in this litigation using their real names and may no longer use Doe names.

Signed this _____ day of _____ 201_____.


_____
HONORABLE JUDGE LEE YEAKEL